**In re EXPRESS PARTS WAREHOUSE, INC., Debtor.**

No. 98–00221–5–ATS.

United States Bankruptcy Court, E.D. North Carolina, Raleigh Division.

March 2, 1999.

Gregory B. Crampton, Nicholls & Crampton, P.A., Raleigh, NC, for debtor.

Holmes P. Harden, Maupin, Taylor, Ellis & Adams, Raleigh, NC, for Automotive Parts Express, Inc.

Richard D. Sparkman, Richard D. Sparkman & Assoc., Angier, NC, Chapter 7 trustee.

K. Matthew Vaughn, Everett, Gaskins, Hancock & Stevens, Raleigh, NC, for Mr. Sheerin.

## ORDER ALLOWING SETOFF

A. THOMAS SMALL, Chief Judge.

The matter before the court is the Motion for Reconsideration and Clarification filed by Allen J. Sheerin. Mr. Sheerin is seeking authority to offset his prepetition $198,656.64 unsecured claim and his postpetition $77,354.33 [1] cost of administration claim against his obligation to Express Parts Warehouse, Inc., the chapter 11 debtor, under a promissory note which had a balance due as of the petition date of $279,874.76. A hearing was held in Raleigh, North Carolina on February 11, 1999.

The debtor, Express Parts Warehouse, Inc., filed a petition for relief under chapter 11 of the Bankruptcy Code on January 30, 1998. On September 23, 1998, the court approved the sale of substantially all of the debtor in possession's assets to its primary secured lender, NationsCredit Commercial Corporation, which subsequently sold the assets to Automotive Parts Express, Inc. and A-1 Express Parts Warehouse (together "Automotive Parts"). The case was converted to chapter 7 on November 16, 1998, and it is not known whether there will be sufficient assets to pay all administrative claims.

Mr. Sheerin's $198,656.64 unsecured claim has two components, a $39,999.96 claim arising from a rejected prepetition consulting contract, and a $158,656.68 claim arising from a rejected prepetition lease of commercial property in West Covina, California.[2] Mr. Sheerin's $77,354.33 postpetition cost of ad-

---

1. When previously determining that Mr. Sheerin had an $80,007.71 postpetition cost of administration claim, the court erroneously included $2,653.38 representing prepetition property taxes. (Order Regarding Application for Payment and Motion for Declaration of Setoff Rights dated November 2, 1998.) The proper amount of Mr. Sheerin's postpetition claim is $77,354.33.

2. The $39,999.96 unsecured claim includes $6,666.66 for a prepetition breach and $33,333.30 for damages for rejection of the contract. The $158,656.68 unsecured claim includes $14,728.38 for prepetition breaches under the lease, $138,000 for damages under 11 U.S.C. § 502(b)(6) for the rejection of the lease, $4,824.30 for taxes paid under the lease, and $1,104 for a business license fee.

ministration claim is for rent ($74,193.55), property taxes ($2,412.14), a license fee ($456) and a trash collection fee ($292.64) that came due under the lease between the date of the petition and August 14, 1998, the date that Express Parts surrendered the property to Mr. Sheerin.

The promissory note against which Mr. Sheerin wants to offset his unsecured and cost of administration claims is dated April 7, 1994, and is payable with interest at the rate of 10% per annum in the face amount of $547,637 to the debtor's predecessor, Westco Auto Parts, Inc. The balance due under the promissory note as of the debtor's petition date, January 30, 1998, was $279,874.76 including principal and interest.

■ Mr. Sheerin contends that the effective date of the setoff of his unsecured claim against the promissory note is January 30, 1998, the date of the petition. The court agrees, and Mr. Sheerin's $279,874.76 obligation under the promissory note as of the petition date should be reduced by the amount of Mr. Sheerin's $198,656.64 unsecured claim. Accordingly, after the setoff of Mr. Sheerin's unsecured claim, the balance of the promissory note as of the petition date is $81,218.17.

On the date of bankruptcy the debtor in possession's lease with Mr. Sheerin of the commercial property in West Covina, California, provided for monthly rent of $11,500. Express Parts remained in possession of the property until August 14, 1998, but failed to make any postpetition rent payments to Mr. Sheerin.

It has been the debtor's position throughout this case that it satisfied its postpetition obligation under 11 U.S.C. § 365(d)(3) to pay rent to Mr. Sheerin by offsetting Mr. Sheerin's obligation to pay the debtor under the promissory note. Express Parts asserted the setoff of Mr. Sheerin's obligation under the promissory note against postpetition rent in its Motion For Extension of Time to Assume or Reject Executory Contracts and Leases, in its Motion for Authority to Reject Nonresidential Lease, and in its response to Mr. Sheerin's application for payment of his cost of administration claim.

Notwithstanding Express Parts' prior contentions that it was offsetting its obligation to pay postpetition rent to Mr. Sheerin against his obligation under the promissory note, the debtor's successor in interest, Automotive Parts, now opposes the offset.

Automotive Parts maintains that Mr. Sheerin is precluded from offsetting his postpetition cost of administration claim against the promissory note by 11 U.S.C. § 553(a), which only authorizes the setoff of mutual *prepetition* obligations.

Section 553(a) of the Bankruptcy Code provides that, with some exceptions,

> this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case[.]

■ The plain language of § 553(a) recognizes a creditor's right to setoff a prepetition debt owed to the debtor against a prepetition claim against the debtor. But, "section 553(a) is not entirely comprehensive. For example, the section says nothing about setoffs involving mutual *post* petition obligations." 5 COLLIER ON BANKRUPTCY ¶ 553.03, at 553–12 (Lawrence P. King ed., 15th ed.1998). Mr. Sheerin's liability under the promissory note certainly arose prior to Express Parts' bankruptcy, but the promissory note also had vitality as a postpetition obligation that accrued interest and was utilized by Express Parts to meet its statutory requirement to pay rent under 11 U.S.C. § 365(d)(3).

■ Clearly, a creditor should not be permitted to offset the creditor's prepetition claim against the creditor's postpetition obligation to the debtor, but the circumstances of a particular case may justify the offset of a creditor's postpetition cost of administration claim against the creditor's obligation that existed prepetition. Setoff is an equitable remedy, and it would be inequitable to preclude setoff in the circumstances of this case. Express Parts derived a significant benefit from its assertions that it was offsetting its obligation to pay postpetition rent against

the promissory note, and it would be inequitable to deny setoff to Mr. Sheerin at this stage of the case.

Section 365(d)(3) of the Bankruptcy Code provides that

The trustee [in this case the debtor in possession] shall timely perform all the obligations of the debtor ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

Express Parts was required to pay postpetition rent to Mr. Sheerin under the lease until the lease was assumed or rejected, and the debtor represented to the court that it was using setoff to satisfy its postpetition rent obligation to Mr. Sheerin. The court relied on those representations and extended the time for the debtor in possession to assume or reject leases. (Order Extending Time to Assume or Reject Executory Contracts and Leases dated May 15, 1998.) If the court had not believed that the postpetition rent was current, it would have denied the debtor's request to extend the time to assume or reject leases and may have modified the automatic stay to permit Mr. Sheerin to regain possession of his property.

Automotive Parts also argues that setoff is precluded by 11 U.S.C. § 502(d) which provides that "the court shall disallow any claim of any entity from which property is recoverable under section 542 ..., unless such entity ... has paid the amount[.]" However, this argument overlooks the fact that Express Parts has already taken advantage of the setoff to satisfy its obligations under § 365(d)(3).

For the foregoing reasons Mr. Sheerin's request to offset both his unsecured claim and his cost of administration claim against his obligation under the promissory note is **ALLOWED.**

Mr. Sheerin prepared a chart that reflects the offset of his unsecured claim as of the petition date, the postpetition accrual of interest under the promissory note at the rate of 10% per annum, the offset of postpetition rent and other postpetition lease obligations as they became due, and a balance owing from Mr. Sheerin of $6,146.64 plus interest at the per annum rate of 10% ($1.68 per day) from February 11, 1999, until paid. Mr. Sheerin's chart appears to be correct, and accordingly, Mr. Sheerin's obligation under the promissory note shall be $6,146.64 as of February 11, 1999, plus interest at the rate of 10% per annum thereafter until paid.

**SO ORDERED.**